## Anderson's Administrator *vs* Irvine.

ERROR TO THE FAYETTE CIRCUIT.

*Administrator de bonis non. Evidence. Devastavit.*

CHIEF JUSTICE EWING delivered the opinion of the Court.

DEBT.

*Case 53.*

October 24.

Case stated.

THIS case was formerly before this Court, and reversed upon the single ground that the Circuit Court had erred in excluding the testimony of Goodloe, a removed administrator. The case is reported in 5 *B. Monroe*, 488. Upon the return of the cause on the second trial, additional evidence was offered, the object of which was to make out the interest of Goodloe, and he was again excluded, and Anderson's administrator has again appealed to this Court, and it is now urged that under the statute, the suit may be prosecuted jointly against the removed administrator and the administrator *de bonis non*, and if so, Goodloe, as a party, should be excluded.

Whatever advantages might result to the creditor in reviving and prosecuting his suit against the newly appointed administrator, in conjunction with those that were removed, such a proceeding is not specially provided for in the act, nor are we inclined to think that it was within the contemplation of the Legislature, and if it might be done without doing violence to the provisions of the statute, it was not done in this case, but the suit revived and prosecuted alone against Boyle, and judgment recovered against him alone. If the suit was intended to be revived and prosecuted against all, there surely should have been some notification to the removed administrator, or indication of an intention to proceed against all.

Does the statute authorize a suit brought against an administrator who is afterwards removed and the suit revived against the adm'r. *de bonis non*, to be still continued ag'st the removed administrator? QR. If it does, there should be some evidence of the intention so to prosecute it placed upon the record.

The additional proof advanced, does not take the case out of the operation of the principle settled by this Court, as to the interest of Goodloe, when the case was formerly before us. There is no satisfactory proof that Boyle has not in his hands sufficient assets to pay the judgment, in case a recovery should be had against him. On the contrary, if he or the removed administrator have done their

Where an adm'r. who has been removed is not shown to have committed a *devastavit*, he is a competent witness for the administrator *de bonis non*. The fact that an ad-

ministrator con-
sented to the dis-
tribution of the
slaves    when
there was a suf-
ficiency of per-
sonalty  to  pay
pl'tiff's demand,
does not  prove
the adm'r. guilty
of a *devastavit.*

duty, which, rather than the contrary, should be implied, the presumption may be indulged that he has. And no proof establishing a devastavit on Goodloe, nor creating a probable presumption of a devastavit on him, has been adduced. The fact that he had consented to the distribution of the slaves among the heirs, which is the last estate to be sold for the payment of debts, is no evidence of the fact of a devastavit, when it is shown that an amount of other personal assets, more than ten times the amount of the plaintiff's debt, had come to his hands, and which are not shown to have been distributed or disposed of. We cannot indulge the presumption of bad faith against an administrator, (who under our laws, has no more ultimate interest in the estate than any other naked trustee,) and upon such presumption, exclude him from testifying, on the score of interest.

The judgment is reversed and cause remanded, that a new trial may be granted without the payment of costs.

*Goodloe* for plaintiff; *Robinson & Johnson* for defendant.

